Dwight, J.
—The action was trover for the conversion of a quantity of household goods of the plaintiff, taken on attachment and execution, against her husband, and sold by the defendant.
The goods were seized on board the cars at Suspension Bridge in transitu from Toronto to South Grange, New Jersey. They were mingled in boxes, crates and other packages with other household goods, not claimed by the plaintiff, but then and now alleged by the defendant to be the property of the plaintiff’s husband and also seized as such. All had been shipped in the name of the plaintiff’s, husband, consigned to himself at South Grange. There was no means or indication by which a stranger could distinguish the articles claimed by the plaintiff from those not so claimed.
After the seizure the plaintiff’s husband telegraphed the defendant from New York stating that the goods belonged to the plaintiff, and forbidding the sale; they were also demanded, for the plaintiff, by her attorney before the sale; in neither case were the particular articles specified. The sheriff did not require any more particular specification of the goods claimed, nor put his refusal to release upon the ground of the want of such specification, but said he was indemnified for his action, and proceeded to sell the whole of the goods, in one lot, by direction of the plaintiff in the attachment. They were bought by one Slover for $1,400, a few dollars in excess of the amount collectible on the execution. Slover was a friend of the Brush family, and came up from New York to buy the goods at the re *550 quest of Mr. Brush. After the sale the goods were forwarded to their former destination and put into the house occupied by Mr. Brush and his family, of which the plaintiff had title. The evidence on the part of the plaintiff tended to show that' this was done under ' an arrangement by which Mr. Brush was to pay Slover rent, at the rate of $200 a year, for the use of all the property, purchased by the latter, with the privilege of purchasing it from him at a fair valuation.
The plaintiff gave evidence of her ownership of the property described in the complaint; it was stipulated that the question of value should be reserved to be ascertained by a reference, and the court submitted to the jury the specific questions:
First. Was the plaintiff the owner of the property at the time of the attachment and sale ?
. Second. Did Slover buy the property at the sale for the plaintiff ?
It was, also stipulated, that, whatever the answers rendered by the jury, all further questions in the case should be for the court. Accordingly, the jury having answered the first question in the affirmative and the second in the negative, a special verdict was taken, and the interlocutory judgment entered, from which the defendant appeals.
The points made by the defendant on the argument are based upon three exceptions.
At the close of the evidence he moved the court to direct a verdict for the defendant on two grounds:
First. That the plaintiff having permitted her goods to be so intermingled with those of her husband as that a stranger could not separate or distinguish them, she is estopped from claiming them as her own.
Second. That the undisputed evidence shows that the goods claimed by her are now in her possession, and the title is in her against all the world, and she has suffered no damages from the acts of the defendant.
The defendant excepted to the denial of the motion on each of the grounds specified.
His counsel then asked leave to go to the jury, upon, and asked the court to submit to the jury, the question: “Whether the goods are not actually in the possession of the plaintiff, claiming that if that be true the plaintiff cannot recover anything in this action, except whatever damages she has sustained by reason of the detention of the goods,” and the defendant excepted to the refusal of such request.
We think neither of these exceptions was well taken.
The first is not much insisted upon. The doctrine of estoppel by causing or permitting a confusion of goods has *551 never been carried so far as to apply to a case where the goods consisted of distinct articles capable of separation and identification (Frost v. Willard, 9 Barb., 440); but only to cases where the confusion resulted in loss of identity, as in the case of hay in the mow (Pophan’s Rep., 38), cited in Silsbury v. McCoon (3 N. Y., 389), or of grain in a bin. Samson v. Rose, 65 N. Y., 411.
No question is made of the sufficiency of the demand. A particular specification or pointing out of the goods was not necessary to such demand unless required by the sheriff.
In King v. Fitch (2 Abb. Ct. App. Decisions, 517) the demand was held sufficient, though not specifying any part of the property because the defendant did not put his refusal upon that ground, but refused to deliver any of the property, saying he would abide the result of the litigation. We think the refusal of the court to direct a verdict for the defendant on the first ground stated was not error.
Such a direction was clearly not warranted by the evidence, even if the facts proved could be held to show that the plaintiff was in possession of the property, and the title to it as against all the world was in the plaintiff at the time of the trial, and, therefore, she had sustained no damage.
Such a direction was clearly not warranted by the evidence, even if the facts proved could be held to show that the plaintiff was in possession of the property, there was still the question whether the title was in her, or whether she had possession of it as the property of Sloan. That question was substantially submitted to the jury in the question, “Did Sloan purchase this property at the sale for the plaintiff? ” If he did not purchase it for her there is no evidence that he afterwards transferred the title to her, but, on the contrary, the evidence tended to show that he was receiving rent for its use. Certainly mere possession of the property by the plaintiff, even if the possession was hers, was not conclusive evidence of title in her. She was not bound to retake the property nor to assert her title to it. She might abandon the property from the moment of its conversion and sue for its value; and if she elected to do so, she was precluded from asserting her title to the property thereafter as against anybody. People v. Bank of North America, 75 N. Y., 547, 564.
And this disposes equally of the exception to the refusal *552 of the court to submit to the jury the question of the present possession of the property by the plaintiff. Assuming that there was evidence upon which the jury might have found that she had the possession, that fact alone would have been immaterial. The defendant did not restore the possession to her. Unless the purchases at the sale were made for her, or unless she reclaimed the property from the purchaser, asserting her title to it as paramount to his, the fact of her possession would not avail the defendant. The question upon the first branch of this proposition was submitted to the jury; there was no request to submit a question upon the second branch of the proposition, and no evidence upon which those facts could have been found.
We think there is no exception in the case which points to error in the submission of the case to the jury.
The findings in the special verdict must be regarded as conclusive upon the questions of fact submitted to the jury. There is evidence in support of both of the findings, and the case does not purport to contain all the evidence bearing upon either of those questions.
The defendant excepted to a ruling of the court upon evidence relating to the plaintiff’s original title to the property. Her father testified that he bought some of the articles and gave them to his daughter when she went to housekeeping. He was permitted to fortify his testimony, by the production of receipted bills and cancelled checks which he testified paid, or acknowledged payment, for the articles mentioned, and the receipts and checks were received in evidence under the defendant’s objection.
The correctness of this ruling may be questioned; but the error, if there was one, was not material. The only fact to which those papers related, viz.: The fact of the purchase of those articles by the father, was sufficiently proved by his oral testimony which was not contradicted.
We think there was no error on the trial which calls for correction. The judgment should be affirmed.
■ Judgment and order affirmed.
All concur, except Barker, J., dissenting.